UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERNEST STEVE BARRY and MICHAEL BURKHART,

                              Plaintiffs                 DECLARATION OF
    -against-                                         **DEBRA SIEDMAN DEWAN**

THE CITY OF NEW YORK, THE NEW YORK
CITY TRANSIT AUTHORITY and STEVEN      No. 11 Civ. 5533 (CLP)
DUTES, a member of the New York City Police
Department,

                             Defendants.
------------------------------------------------------------x

I, DEBRA SIEDMAN DEWAN, declare:

1. My name is Debra Siedman DeWan. I am over 18 years of age. I have been an attorney admitted to practice law in the State of New York since 1980. I am fully competent to make this Declaration, and I have personal knowledge of the facts stated in this Declaration. To my knowledge, all of the facts stated in this Declaration are true and correct.

2. I am one of two Senior Hearing Officer in the Transit Adjudication Bureau (TAB) of New York City Transit Authority. I make this declaration in support of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (c). This affidavit is based upon my personal knowledge and the documents maintained by TAB.

3. Pursuant to Public Authorities Law § 1209-a(2), I was appointed by the President of New York City Transit Authority ("NYCTA") in March 1986 and was appointed Senior

Hearing Officer in January 1990. As Senior Hearing Officer, I sit on appeals of TAB Notices of Decision and Order and provide legal advice to hearing officers in their day-to-day conduct of hearings. Additionally, I am very familiar with the New City Transit Rules of Conduct found at 21 NYCRR Part 1050, and with the official TAB interpretation of these rules.

4. As relevant herein, Section 1050.6, subdivision (d) of the Transit Rules provides in part, "All persons on or in any facility or conveyance of the [Transit] Authority shall . . . (3) provide accurate, complete and true information or documents requested by New York City police officers or Authority personnel acting within the scope of their employment and otherwise in accordance with law."

5. In practice, at TAB, Section 1050.6, subdivision (d) violations are called "Failing to Provide I.D." In such cases, every hearing officer is instructed that the first consideration in evaluating a Failing to Provide ID notice of violation (NOV) for legal sufficiency is that no person on or in any facility or conveyance of NYCTA is required to carry identification documents. Consequently, if a NOV merely charges a respondent with being unable to produce identification (that is, an identification document), the NOV must be dismissed for failing to state a prima facie case.

6. In addition, because an element of the infraction is that the police officers must be acting within the scope of their employment and otherwise in accordance with law, a notice of

violation is fatally defective if it fails to state a lawful basis for the request for I.D. information.

7. If and only if all the required elements are stated on the NOV, the hearing officer may determine the facts and adjudicate the matter. Hearing officers are instructed that if a respondent credibly testifies that he or she verbally provided all the information to the police officer on request but did not have any documentation to verify it, the NOV must be dismissed for the reason that no person is required to carry identification. If there is an issue as to the respondent's credibility, the hearing officer retains the authority to adjourn the hearing for TAB to produce the police officer to testify and be cross-examined.

8. In order to sustain a violation of "Failing to Provide I.D." upon a hearing, there must be a NOV stating a prima facie case and the facts must establish that the police officer (or Authority personnel) had a lawful basis to make the request for information; and the respondent refused to comply, verbally gave false information, or provided false documents. If a hearing officer finds that a respondent only provides the information upon threat of arrest, that conduct is tantamount to a refusal and, provided all the other elements are present, the hearing officer may sustain the violation. Likewise, if the hearing officer finds that the respondent stated to the police officer (or Authority personnel) that he or she had no documentary information with him or her, and documentary information is found on the person, the hearing officer may find that the respondent had lied, and, provided all the other elements are present, the hearing officer may sustain the violation.

I declare under penalty of perjury that the foregoing Declaration is true and correct. I have executed this Declaration on July 20, 2012, at Brooklyn, New York.

_____
Debra Siedman DeWan